NUMBER 13-06-624-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IN RE: INTERNATIONAL SALES GROUP, INC., 

SUNBELT MARKETING, INC., RODGER SUMICEK, 

RON E. (RON) SUMICEK, AND R. EDWARD SUMICEK, JR.

 


On Petition for Writ of Mandamus and 

Motion for Emergency Temporary Relief 


MEMORANDUM OPINION
 


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion Per Curiam


 

 On November 6, 2006, relators, International Sales Group, Inc., Sunbelt Marketing,
Inc., Rodger Sumicek, Ron E. (Ron) Sumicek, and R. Edward Sumicek, Jr., filed a petition
for writ of mandamus with this Court in which they allege that on October 20, 2006, the
respondent, the Honorable J.R. "Bobby" Flores, Presiding Judge of the 139th Judicial
District Court of Hidalgo County, Texas, abused his discretion by entering an order
declaring it had dominant jurisdiction over a Harris County case styled ISG, Inc. d/b/a
Stinger Marketing v. Worldwide Clothing, LLC, of Houston, d/b/a Pure Energy Distributing,
Cause No. 2005-54581 in the 55th Judicial District Court of Harris County, Texas. Further,
relators complain that on October 31, 2006, respondent entered a separate order "denying
defendants' 'new' motion to quash, granting reconsideration of the prior motion to quash,
denying original motion to quash regarding the depositions of Ron Sumicek and Rodger
Sumicek, expediting discovery response deadlines, and granting sanctions including
written warning concerning failure of Defendants' to honor their promises and
representations to the Court and failure to obey Texas Rules of Civil Procedure". This
order, received by relators on November 3, 2006, required relators, International Sales
Group, Inc., Sunbelt Marketing, Inc., Rodger Sumicek, Ron E. (Ron) Sumicek, and R.
Edward Sumicek, and ISG, Inc., a party in Cause No. 2005-54581, to answer discovery by
Monday, November 6, 2006, and to produce a deposition of Ed Sumicek on Tuesday,
November 7, 2006. 

 Relators' petition for writ of mandamus asks this Court to order the respondent to
vacate the orders entered on October 20, 2006 and October 31, 2006 and for such other
and further relief. In addition, relators filed an emergency motion for stay, asking this Court
to order a stay of all proceedings in the trial court, pending this Court's disposition of
relators' petition for writ of mandamus. 

 On November 6, 2006, this Court granted relators' emergency motion for stay and
ordered a stay of all proceedings in the underlying action. In addition, this Court requested
a response to the petition for writ of mandamus from the real parties in interest, Worldwide
Clothing, L.P., Worldwide Clothing, L.L.C., and Robert Clair. The response by the real
parties in interest was received in this Court on November 28, 2006, along with an
emergency motion to lift stay. 

 This Court, having examined and fully considered relators' petition for writ of
mandamus and the real parties in interest response, is of the opinion that relators have not
shown themselves entitled to the relief sought and the petition for writ of mandamus should
be denied. See Tex. R. App. P. 52.8(a). 

 Accordingly, the stay previously ordered by this Court is hereby LIFTED, and the
petition for writ of mandamus is DENIED. The real parties emergency motion to lift stay
is DISMISSED AS MOOT. 

 

 PER CURIAM

 

Memorandum Opinion delivered and filed 

this the 29th day of November, 2006.